CARRIE ROGERS v. CAROLINA GARAGE, INC. (ORIGINAL DEFENDANT), AND BOYCE C. CAMPBELL, INDIVIDUALLY, AND W. K. WHITESELL, INDIVIDUALLY, AND W. K. WHITESELL, AS ADMINISTRATOR OF THE ESTATE OF WILLA C. WHITESELL, DECEASED, AND BLYTHE BROTHERS COMPANY, INCORPORATED (ADDITIONAL DEFENDANTS).

(Filed 19 November, 1952.)

**1. Automobiles § 8d—**

The parking of an automobile near the highway, even though its location be such as to obscure the vision of motorists along the highway of automobiles entering the highway from an adjacent parking lot, cannot be held for negligence.

**2. Highways § 4b—**

A contractor engaged in improving a highway is not under duty to warn motorists along the highway of the entrance into the highway of cars of its employees leaving at the end of the day's work.

**3. Automobiles § 24c—**

An employer cannot be under duty to foresee negligence of its employee in backing his own automobile onto the highway after the end of the working day.

APPEAL by defendant Carolina Garage, Inc., from *Hatch, Special Judge,* September Extra Civil Term, 1952, of MECKLENBURG. Affirmed.

The demurrer of additional defendant Blythe Bros. Co. to the cross-complaint of defendant Carolina Garage, Inc., for contribution as joint tort-feasor was sustained, and defendant Carolina Garage, Inc., appealed.

The plaintiff Rogers instituted action against Carolina Garage, Inc. (hereinafter referred to as the defendant) to recover damages for a personal injury alleged to have resulted from a collision on 29 August, 1951, between the automobile in which the plaintiff was a passenger and defendant's truck which it was alleged was being negligently operated by defendant's agent and employee on Highway #29. Subsequently Blythe Bros. Co. was made additional party defendant, and the original defend-

ant filed a cross-complaint for contribution, alleging in substance that Blythe Bros. Co. at the time and place referred to was engaged in constructing another portion of Highway #29 east of and parallel with the paved surface of the highway and in the construction of a bridge over a stream spanned by the highway; that employees of Blythe Bros. Co. and others customarily parked their individual automobiles east of the highway; that Blythe Bros. Co. knew these persons would at the close of the day drive their automobiles from the parking site into the highway; that on the occasion alleged Blythe Bros. Co. had parked one of its trucks near Highway 29, off the pavement, on the east side, and permitted it to remain there in such a position as to block the view of travelers on the highway as to vehicles about to enter the highway from a parking site near said parked truck. It was further alleged that about 6 p.m. on this date as the original defendant's truck, proceeding north on Highway #29, approached the parked truck of Blythe Bros. Co., an employee of Blythe Bros. Co., Willie Douglas, started to back his automobile from the site in which it had been parked toward the highway and at such a place that the view of the driver of defendant's truck approaching from the south was obscured by the parked truck as to the backing automobile until it was almost onto the paved portion of the highway; that if as alleged by the plaintiff the defendant's driver in this emergency drove over the center line of the highway and collided with plaintiff's automobile, it resulted from the negligence of Blythe Bros. Co. in parking its truck near the highway and obscuring the view. It was alleged that Blythe Bros. Co. was negligent in permitting its truck to remain parked near the paved portion of the highway knowing that the view of vehicles moving to the highway would be thereby blocked; that in this respect it increased the hazard of motorists by permitting employees leaving their employment to back their automobiles and enter the highway so close to the parked truck that their movements were obscured from travelers on the highway; and that defendant failed to warn travelers of the movement of automobiles when view of such movement was obscured by the parked truck.

The defendant prayed that if it be found negligent in causing the injuries of which the plaintiff complains, it have judgment over against Blythe Bros. Co. for contribution.

From judgment sustaining the demurrer of Blythe Bros. Co. defendant Carolina Garage, Inc., appealed.

*Robinson & Jones and Hastings & Booe for Carolina Garage, Inc., defendant, appellant.*

*C. H. Gover and Helms & Mulliss for Blythe Bros. Co., defendant, appellee.*

DEVIN, C. J.   We think the allegations contained in the cross-complaint of defendant Carolina Garage, Inc., are insufficient to sustain its action for contribution from Blythe Bros. Co. as joint tort-feasor.

It may not be held to constitute actionable negligence that Blythe Bros. Co. parked a motor truck near but not on the highway, even though it was near where other automobiles were likely to enter the highway from a parking site beyond.   To hold that parking a truck under these circumstances was sufficient to sustain the imputation of negligence, even though the view of a driver on the highway might be obscured as to the movement of automobiles beyond the highway, would be to impose an obligation on motorists which neither the statutes nor the dictates of reasonable care and precaution would seem to require.   *Walker v. Ill. Com. Tel. Co.,* 315 Ill. App. 553; *Bohm v. Racette,* 118 Kan. 670; *Craig v. Western & Sou. Indemnity Co.,* 119 F. 2d 591.

The circumstances here were not such as to impose a duty on Blythe Bros. Co. to warn approaching drivers on the highway.   *Pender v. Trucking Co.,* 206 N.C. 266, 173 S.E. 336; *Council v. Dickerson's, Inc.,* 233 N.C. 472 (476), 64 S.E. 2d 551.

It is not contended, nor would such a position be warranted, that Blythe Bros. Co. was responsible for any negligence on the part of an employee in backing his own automobile after hours from a parking site toward the highway.   Nor is it alleged that the automobile of this employee entered into the highway or came in contact with the truck of defendant Carolina Garage, Inc., or the automobile of the plaintiff.

The defendant Blythe Bros. Co. may not be held liable for a negligent breach of duty in failing to foresee that Willie Douglas, the employee referred to, or any other person, would negligently back an automobile toward the highway in such a manner as to cause the driver of an approaching vehicle to turn to the left to avoid an apprehended collision. *Peoples v. Fulk,* 220 N.C. 635, 18 S.E. 2d 147; *Lee v. Upholstery Co.,* 227 N.C. 88, 40 S.E. 2d 688.

The ruling of the trial judge in sustaining the demurrer of defendant Blythe Bros. Co. is

Affirmed.