Janice L. JAMES, by her next friend, Roland C. James, and F. D. English, Administrator of the Estate of Frederick L. English, Appellees,

v.

UNITED STATES of America, Appellant.

No. 71–1941.

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1972.

Decided June 28, 1972.

Rehearing Denied Sept. 5, 1972.

Thomas P. McNamara, Asst. U. S. Atty. (Warren H. Coolidge, U. S. Atty., on brief), for appellant.

Lonnie B. Williams, Wilmington, N. C. (Marshall, Williams, Gorham & Brawley, Wilmington, N. C., on brief), for appellees.

Before WINTER, CRAVEN and RUSSELL, Circuit Judges.

WINTER, Circuit Judge:

The district court rendered judgment against the United States under the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671 et seq., on the theory that Sgt. William A. Bell was acting within the scope of his employment when he was involved in an automobile accident on August 3, 1968. The government appeals solely on the issue of agency, and we reverse.

I

Sgt. Bell, a member of the United States Army Reserves, resides in Jacksonville, North Carolina. For the period July 18, 1968, through August 3, 1968, he was ordered to the Atlanta Army Depot, Forest Park, Georgia, for annual field training. His orders did not direct him to use any particular method of travel to get to Forest Park and return

home, but he was authorized to use his privately-owned automobile with reimbursement for mileage. This was the mode of transportation which he had elected to employ when, on August 3, he was returning to his home. The accident occurred approximately five miles east of Wallace, North Carolina, on N.C. Highway No. 41, concededly a leg of the most direct route from Forest Park to Jacksonville. For purposes of this appeal, we assume the correctness of the determination that Sgt. Bell's negligence was a proximate cause of the accident.

## II

 In light of the views expressed by our dissenting colleague, we approach decision by noting that the Act imposes liability upon the United States only where "personal injury or death [is] caused by the negligent or wrongful act or omission of any employee of the Government *while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.*" (emphasis supplied) 28 U.S.C. A. § 1346(b). Thus, it is clear that we must look to the law of North Carolina to determine the rights of the parties. Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (per curiam) 1955.[1] As in the exercise of diversity jurisdiction, we must apply that law as the courts of North Carolina have established it, or if we find no state law di-

rectly applicable, we must make an informed prediction of what the state courts would decide if the case were before them. In no event may we allow ourselves the luxury of overruling or departing from direct state precedent, or the apparent trend of state precedent, to decide a case in accordance with what we think state law should be or how it ought to be changed.

## III

In United States v. Eleazer, 177 F.2d 914 (4 Cir. 1949), we had occasion to determine and to apply the law of North Carolina with respect to whether a member of the armed forces was an agent of the United States, so as to render it liable under the Act for his negligence when he was engaged in optional travel by privately-owned automobile. We think *Eleazer* is dispositive of this appeal.

In *Eleazer*, the Marine officer, in active service, was directed to report to another station. He was authorized to delay in reporting, "such delay to count as leave." He was authorized to choose his mode of transportation, and for the use of his own automobile which he elected to employ, he was entitled to reimbursement from the government for mileage at a fixed rate by the nearest route. He was involved in an accident shortly after he began the journey. He had not deviated from the shortest route. Applying North Carolina law, we held that under the doctrine of respondeat superior the United States was not

1. The significance of *Williams* is pointed up by considering the opinion of the Ninth Circuit Court of Appeals in the case to which the Supreme Court granted certiorari, Williams v. United States, 215 F.2d 800 (9 Cir. 1954). The Court of Appeals, relying upon 28 U.S.C.A. § 2671 which defined "acting within the scope of his office or employment" (28 U.S.C.A. § 1346(b)), in the case of a member of the military or naval forces of the United States, to mean "acting in line of duty," held that when a serviceman caused injury, the United States would be liable if the serviceman was

acting in the line of duty. In reversing, the Supreme Court said succinctly "[t]his case is controlled by the California doctrine of respondeat superior."

In the instant case, Sgt. Bell was determined by the Army and by the district court to have been acting in the line of duty when the accident occurred. Indeed, he was granted a service-connected disability and discharged as a result of the permanent disability that he sustained from the accident. But the determination is without significance in the instant case as a result of the decision in *Williams*.

liable for personal injuries that he inflicted.[2]

The facts in the instant case are almost identical. Sgt. Bell, who resided in Jacksonville, North Carolina, had been ordered to duty at Forest Park, Georgia, for annual field training. When the period of training was completed he was ordered to return home where he would "revert to inactive status." He was not directed to employ any particular mode of transportation. He was authorized to use his privately-owned automobile with reimbursement for mileage, and this he did as he began the journey to his home. He was involved in an automobile accident in its course; he had not deviated from the shortest route.

■ *Eleazer* did not proceed on the fact that the Marine officer was on leave. It depended upon the fact that "he and not the government selected the means of transportation and no officer of the government had any right to exercise actual control over his operation of the means chosen." 177 F.2d at 916. The same is true in the instant case. We fail to see any factual basis for the assertion that Sgt. Bell was "sufficiently" about the affairs of the United States that his negligence should be treated as that of the United States; nor do we think that the courts of North Carolina would perceive one. Neither the Marine officer in *Eleazer* nor Sgt. Bell in the instant case was under the control of the United States in the mode of transportation selected, or, when private automobile was employed, the manner in which it was operated. Whether on leave or on return home to inactive status makes no difference; the decision in both cases should be the same.

Reversed.

CRAVEN, Circuit Judge (dissenting):

When the Army orders reserve soldiers to active training duty, authorizing the use of personal motor vehicles for transportation, I should think any good actuary could predict how many motor vehicle collisions would occur per thousand soldier-miles traveled. The question is not whether there will be collision, but how many, and how bad. I wish that the law of automobile negligence, however slowly, might someday catch up with insurance company actuarial reality. Until it does, we have to proceed case by case, making careful distinctions on the basis of outworn concepts derived from demonstrably false notions of the fault principle.

I think it is impossible to explain vicarious liability by reference to a fault rationale and that courts ought to recognize what we are doing and leave off what we have been saying. What we are doing is simply another manifestation of strict liability. It seems to me irrelevant in determining vicarious liability whether Sergeant Bell was actually subject to Army control at the time he operated his privately owned automobile in a head-on collision causing serious injuries to the plaintiffs. The truth about it is the Army would have had no control over the operation of his motor vehicle had he been driving an Army truck full of Army soldiers on an Army mission. Yet we are stuck with the control test or, failing that, the more general and conveniently vague right of control test.

Professors Harper and James speak to this, referring to

the once current notion that implied authority or command by the master

2. We have not been shown that there has been any perceptible change in North Carolina law since we analyzed and applied it in *Eleazer*. Indeed, it appears to be the same. Ellis v. Amer. Service Co., 240 N.C. 453, 82 S.E.2d 419 (1954); Rogers v. Carolina Garage, 236 N.C. 525, 73 S.E.2d 318 (1952).

This is not a case arising under a workmen's compensation statute where, under the test of whether death or injury arose "out of or in the course of employment," there is room for greater liberality in finding a right to recovery. Kiger v. Bahnson Service Co., 260 N.C. 760, 133 S.E.2d 702, 704 (1963).

was the true basis of liability; it represents a failure to realize the full implications of the philosophical basis for vicarious liability. This (though it insists in a sense on fault) puts on the employer the risks of all those faults which may fairly be regarded as incidental to his enterprise. His personal fault or innocence is beside the point; and so are the limits upon his consent or authorization, save possibly insofar as he may in reason expect those limits to be observed in fact. If he should know that he cannot make limitations practically effective, the risk of their violation should be borne by the enterprise that creates this risk and not thrown on the innocent victim.

Harper & James, 2 The Law of Torts 1379.

I am convinced the district judge rightly spoke of Sergeant Bell's conduct as being "within line of duty." He was authorized mileage and the use of his vehicle to return directly to his home upon completion of his assigned duties and was engaged in that enterprise, under proper orders, and without the slightest deviation, at the time of negligent injury to plaintiffs. With Professors Harper and James, I think that we should not be "looking for the master's fault but rather for risks that may fairly be regarded as typical of or broadly incidental to the enterprise he had undertaken." Harper & James, 2 The Law of Torts 1376.

I would distinguish United States v. Eleazer, 177 F.2d 914 (4th Cir. 1949), and other North Carolina decisions upon which it rests, on the ground that in *Eleazer* the soldier was driving his own car home *on deferred leave*, whereas in this case Sergeant Bell was under orders to return to his home from his duty station and was proceeding directly and without deviation pursuant to those orders. I agree that in neither case was the Army in any practical position to exercise control over the manner of operation of the vehicle, but it is never so.

Not even a passenger in an automobile can effectively exercise control of the driver, and certainly an absentee superior officer cannot. Here there was the theoretical "right of control," and that should suffice.

I believe that a distinction based on active duty or leave would be a start in the direction of imposing vicarious liability on those who should properly bear the risks, and I know of no North Carolina case indicating that the Supreme Court of North Carolina would not make such a distinction. I think that Sergeant Bell was sufficiently about the affairs of the United States Army to support the district judge's mixed finding of fact and law that the sergeant was acting within the scope of his employment as a member of the Army Reserve at the time of the collision so as to impose upon the United States vicarious liability.

## ON MOTION FOR REHEARING

### PER CURIAM:

Plaintiffs have moved for rehearing and suggested rehearing in banc, calling to our attention Cooner v. United States, 276 F.2d 220 (4 Cir. 1960), not cited to us or considered in either opinion in the main appeal.

While Judge Craven agrees with plaintiffs that *Cooner* distinguishes and undermines the authority of United States v. Eleazer, 177 F.2d 914 (4 Cir. 1949), upon which the majority opinion relies, Judge Winter and Judge Russell read *Cooner* to rest solely on the law of New York while *Eleazer* and the instant case rest solely on the law of North Carolina. Further, they read *Cooner* to recognize that the law of New York does not prevail throughout the country. Hence, they conclude that any criticism of *Eleazer* contained in *Cooner* is dictum and they should not depart from the holding of *Eleazer* unless and until the courts of North Carolina indicate that it was wrongly decided.

The motion for rehearing is denied with Judge Craven dissenting on the

basis of his opinion previously filed and his reading of *Cooner*. No judge in active service has requested a poll on the suggestion for rehearing in banc.

Motion denied.