**Rory W. WHITE, Appellant,**

v.

**Carroll W. HARDY, the United States of America, Edward Moore, and Coastal Cab Co., Inc., Appellees.**

No. 81–1881.

United States Court of Appeals, Fourth Circuit.

Argued March 1, 1982.

Decided May 13, 1982.

---

John Warlick, Jr., Jacksonville, N. C. (Ellis, Hooper, Warlick, Waters & Mogan and Warlick, Milsted & Dotson, Jacksonville, N. C., on brief), for appellant.

Abraham Penn Jones, Asst. U. S. Atty., Raleigh, N. C. (Samuel T. Currin, U. S. Atty., Raleigh, N. C., on brief), for appellee.

Before BUTZNER and WIDENER, Circuit Judges, and ROBERT D. POTTER, United States District Judge for the Western District of North Carolina, sitting by designation.

POTTER, District Judge.

Rory White, Appellant, was injured while riding as a passenger in a taxicab, which collided with a U. S. Army truck, driven by Sergeant Hardy. White alleged that the United States was liable under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* (1964), for the negligence of Sergeant Hardy. The District Court found that Sergeant Hardy was acting outside the scope of his employment at the time of the collision, dismissed the original complaint against the United States for lack of subject-matter jurisdiction,[1] and granted summary judgment to the United States on the amended complaint.[2] White took this appeal. We affirm.

Jurisdiction of civil actions for money damages for personal injury "caused by the negligent or wrongful act . . . of any employee of the government while acting within the scope of his . . . employment" is conferred upon the federal district courts by 28 U.S.C. § 1346(b) (1970). The phrase "acting within the scope of employment," when applied to a member of the armed services, is defined as "acting in the line of duty." 28 U.S.C. § 2671 (1964).

The United States Supreme Court in *Williams v. United States*, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761, (1955) (per curiam)

1. The original claim against the United States was dismissed for lack of subject-matter jurisdiction on September 6, 1977. The dismissal was held by this Court to be non-final and non-appealable under 28 U.S.C. § 1291 (1964) until the actions against the remaining defendants was resolved. *White v. Hardy*, 601 F.2d 583 (4th Cir. 1979).
Subsequently, settlement was reached with defendants Moore and Coastal Cab; summary judgment was entered in favor of Virginia Mu-

tual Insurance Company; and cross-action instituted by the United States was dismissed; and damages were awarded to White on the judgment obtained against Hardy.

2. An alternative theory of negligent entrustment was added to the complaint, but was not pursued separately on this appeal which focuses upon the preliminary question of the jurisdiction of the Court.

ruled that the federal district court should look to the state law of respondeat superior to interpret the scope of employment under 28 U.S.C. § 1346, applying the law of the state where the act or omission occurred. See, *James v. United States*, 467 F.2d 832 (4th Cir. 1972); *Daniels v. United States*, 470 F.Supp. 64 (E.D.N.C.1979).

To establish the relationship of respondeat superior in North Carolina, the following facts must be proven: (1) an injury by the negligence of the wrongdoer, (2) the relationship of employer-employee between the party to be charged and the wrongdoer, (3) a wrong perpetrated in the course of employment or within the employee's scope of authority, and (4) an employee going about the business of his superior at the time of the injury. *Van Landigham v. Sewing Machine Co.*, 207 N.C. 355, 357, 177 S.E. 126 (1934).

It is undisputed that White was injured by the negligence of Sergeant Hardy and that Sergeant Hardy was a member of the U. S. Army, of the rank of SP 5, stationed at Fort Bragg, North Carolina on 24-hour active duty at the time of the collision. However, the evidence was insufficient to establish that Sergeant Hardy was acting within the scope of his authority and engaged in the business of his employer at the time of the injury. There was substantial evidence that Sergeant Hardy was not given the requisite express authority to use the government vehicle involved in the collision, and that the use of such a vehicle to make a personal telephone call outside the command post was neither an official duty nor incident to the duties entrusted to him by the government. There was also substantial evidence that, even had the requisite authorization been given, the scope of that authority, limited to the time and place necessary for a telephone call, was exceeded when Sergeant Hardy never placed the call but stayed out for several hours prior to the collision.

Since there is substantial evidence to support the District Court's finding that Sergeant Hardy was not within his line of duty at the time of the collision, the Federal Court does not have jurisdiction of this action [28 U.S.C. § 1346(b) (1970); 28 U.S.C. § 2671 (1964)]; accordingly, the opinion of the District Court is affirmed.

AFFIRMED.