**Mary DOE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 84–2121.**

United States Court of Appeals, Fourth Circuit.

Argued April 4, 1985.

Decided July 1, 1985.

of the offense. Facts in mitigation may include, but shall not be limited to the following...."

Francis T. Draine, Columbia, S.C., for appellant.

Glen E. Craig, Asst. U.S. Atty., Columbia, S.C. (Henry Dargan McMaster, U.S. Atty., Columbia, S.C., on brief), for appellee.

Before WINTER, Chief Judge, and WIDENER and HALL, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

Plaintiff, a military dependent, sues under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* She alleges that the deviant sexual conduct of an Air Force clinical social worker, who was treating her for "blackouts," made her a victim of medical malpractice. The district court ruled that the United States had not waived its sovereign immunity to plaintiff's suit because the conduct complained of constituted an assault under applicable South Carolina law, and 28 U.S.C. § 2680(h) preserves immunity from suit on "[a]ny claim arising out of assault...." The court further held that § 2680(h) had not been superseded in this case by the Medical Malpractice Immunity Act, 10 U.S.C. § 1089, because the officer's conduct was not within the scope of his duties or employment. Accordingly, it dismissed plaintiff's claim.

■ Plaintiff appeals and we affirm. We agree with the district court that *An-* *drews v. United States,* 732 F.2d 366 (4 Cir.1984), is inapposite. In that case, the plaintiff consented to sexual advances offered as "treatment", and hence there was neither assault nor battery. In this case, plaintiff did not consent to the Air Force social worker's perverted behavior, so that the officer's conduct did constitute assault. Thus the § 2680(h) assault exception to the waiver of sovereign immunity is fully applicable. We also agree that 10 U.S.C. § 1089 does not permit plaintiff's suit. That provision waives governmental immunity only for claims involving a medical professional acting "within the scope of his duties or employment." § 1089(a). Here, if plaintiff's allegations are true, the Air Force officer clearly was acting for his personal gratification rather than within the scope of his employment.

Plaintiff's other theories of recovery either were not raised administratively in satisfaction of the condition precedent to suit, or are so closely related to the barred assault claim that they also are barred by sovereign immunity.

AFFIRMED.