881 F.2d 1069
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lorraine W. BURRELL, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-2902.
 United States Court of Appeals, Fourth Circuit.
 Argued May 8, 1989.
Decided July 26, 1989.
 
 Donald Clayton Hudson (N. Hector McGeachy, McGeachy & Hudson on brief) for appellant.
 Thomas Philip Swaim, Assistant United States Attorney (Margaret Person Currin, United States Attorney on brief) for appellee.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and JAMES C. TURK, United States District Judge for the Western District of Virginia, sitting by designation., Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Lorraine Burrell appeals from the district court's grant of summary judgment to the United States. Finding that the grant of summary judgment was correct, we affirm the order of the district court.
 
 I.
 
 2
 Sgt. Longino Davis, Jr., an active duty service member of the United States Army who was stationed at Fort Bragg, North Carolina, received orders transferring him to Fort Dix, New Jersey. He was required to leave Fort Bragg on or about September 24, 1984 and report to Fort Dix on October 10, 1984. Sgt. Davis chose to participate in the Army's self-move program officially called the Do-It-Yourself Method of Moving Personal Property ("DITY"). The DITY program provides service-members with a monetary incentive for participating in the program; to receive the monetary incentive, the DITY move must be authorized by the Installation Transportation Office (ITO) of the base. If the service member does not have a truck or trailer to move his belongings, the ITO will order the proper equipment, and the service-member signs the rental agreement to procure the vehicle.
 
 
 3
 Pursuant to DITY, on September 24, 1984 Sgt. Davis rented a truck from Ryder Truck Rental in Fayetteville. He backed the truck down an incline to the front door of his residence on the Fort Bragg base and lowered the steel ramp attached to the rear of the truck. The ramp was too close to the front door, so Sgt. Davis asked the appellant, Lorraine Burrell, who had volunteered to help move the Davis family, to hold the ramp up while he moved the truck forward. The appellant picked up the ramp; Davis moved the truck forward, turned off the engine, and walked to the back of the truck. Suddenly, the truck rolled backwards and pinned the appellant between the steel ramp she had been holding and the door to the Davis residence. Both of the appellant's thigh bones were crushed and broken.
 
 II.
 
 4
 Lorraine Burrell filed suit against the United States, Sgt. Davis, and Ryder Truck to recover for her injuries that occurred on September 24. Burrell alleged that Davis was negligent when he (1) failed to engage the parking brake after turning off the truck, and (2) failed to put the truck in the proper gear. Burrell claimed that the United States was liable for Davis' negligence under the doctrine of respondeat superior.
 
 
 5
 The United States filed a motion to dismiss, or in the alternative, a motion for summary judgment. The case was referred to a United States magistrate who filed a memorandum and recommendation which recommended that the United States' motions be denied. The magistrate, relying on DITY regulations, reasoned that the United States was liable under the doctrine of respondeat superior because Davis was acting in the scope of his employment during the DITY move.[1] The magistrate found that the Army had, by its own admission contained in the regulations, determined that its members were acting within the scope of their employment when they were making DITY moves. In the alternative, however, the magistrate found that the United States was liable under the doctrine of respondeat superior.
 
 
 6
 The district court disagreed with the magistrate's recommendation and entered summary judgment for the United States. The district judge objected to the magistrate's use of the Army regulations as a substitute for the law of North Carolina that governed the liability of the United States under the Federal Tort Claims Act. The district judge also found that the United States had not retained the degree of control over Davis that would bring it within North Carolina's law of respondeat superior, and that the present case was indistinguishable from Gupton v. United States, 799 F.2d 941 (4th Cir.1986). This appeal followed.
 
 III.
 
 7
 In United States v. Eleazer, 177 F.2d 914 (4th Cir.1949), cert. denied, 339 U.S. 903 (1950), this court held that a Marine who was making an optional trip in his own automobile en route to a new duty station was not acting within the scope of his employment. As a result, the United States was not liable under the doctrine of respondeat superior. 177 F.2d at 916-17. Similarly, in James v. United States, 467 F.2d 832 (4th Cir.1972), this court held that the United States did not exercise sufficient control over a service member during the course of his move to make the government liable under the doctrine of respondeat superior. 467 F.2d at 834. More recently, in Gupton v. United States, 799 F.2d 941 (4th Cir.1986), this court held that the United States was not liable for injuries in a car collision caused by a Marine who was participating in the Marine's Self-Move program because the United States' control did not extend to the acts or omissions of the Marine related to the particulars of the move. 799 F.2d at 944.
 
 
 8
 Thus, in Eleazer, James, and Gupton, this court found that the United States' lack of power to control its service members' acts or omissions compelled the finding that the United States could not be held liable for injuries inflicted due to the service members' negligence. There is nothing to distinguish the present case from these earlier cases.
 
 
 9
 In sum, we hold that the district court was correct in granting summary judgment for the government. The judgment of the district court is affirmed.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The specific DITY regulation on which the magistrate relied when making his recommendation provided:
 It is assumed that the member is considered to be performing official duties while engaged in DITY moves. Thus, the member is immune from individual suit when on a direct route from one duty station to the next without any delay or deviation. The legal basis is that the service member is performing official duties, i.e., the member is in the scope of his employment while driving the vehicle. If it is determined that the member is within the scope of his employment, as above, any suit arising out of a vehicular accident can only be pursued successfully against the Federal Government (for accidents that happened within the United States and its territories.) Army Pamphlet 55-71, Paragraph 1-8(1)(d).