**Theresa H. WOOD, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 89–0166–S.**

United States District Court, D. Mass.

Jan. 29, 1991.

---

Stuart DeBard, Weston, Patrick, Willard & Redding, Boston, Mass., for plaintiff.

Frank Albert Libby, Jr., Asst. U.S. Atty., Boston, Mass., for defendant.

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO HAVE THE COURT REVIEW THE CERTIFICATION OF THE ATTORNEY GENERAL AND DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S THIRD AMENDED COMPLAINT

SKINNER, District Judge.

This action arises out of the alleged sexual harassment of Theresa H. Wood during her employment with the United States Army as a secretary for Major Charles D. Owens and Lieutenant Colonel Ronald P. Dale. On July 26, 1989, I dismissed all but

two of the counts in the plaintiff's complaint. The remaining counts are for violation of the Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I, and for assault and battery. Since my order of July 1989, the United States Attorney for the District of Massachusetts has certified, pursuant to 28 U.S.C. § 2679(d)(1),[1] that Charles D. Owens was, at all times referenced in the complaint, "acting within the scope of his office as a commissioned officer of the Armed Forces of the United States." Pursuant to 28 U.S.C. § 2679(d)(1), the United States substituted itself for the individual defendant, Major Owens, as the defendant in this action.

■ Two motions are now before me. The plaintiff has moved for a review of the Attorney General's certification. The plaintiff claims that Major Owens was not acting in the scope of his employment when he allegedly sexually harassed her. As a result, the plaintiff claims, the case should be allowed to proceed against Major Owens individually. The United States has moved to dismiss the third amended complaint, citing the Federal Tort Claims Act's exception for assault and battery. *See* 28 U.S.C. § 2680(h).[2]

■ Recently our court of appeals has held that a district court has the power to make "an express determination of its own that defendant, when he allegedly injured plaintiff, was acting beyond the scope of his federal employment." *Nasuti v. Scannell*, 906 F.2d 802, 808 (1st Cir.1990) ("*Nasuti II*"). If the district court decides to set aside the Attorney General's certification, the plaintiff may pursue her claim against the individual defendant personally. *Id.* "[E]mployee immunity will thus be protected, in keeping with the Westfall Act's purpose, except where the plaintiff can convince a federal court that the government employee was acting outside the scope of his employment and, therefore, by definition, was not entitled to immunity from personal liability." *Id.* at 813 n. 16.

According to the complaint, about a week after Ms. Wood started working as Owens' secretary, Owens told her that he wanted to go to a hotel with her. She declined. (¶ 19) Ms. Wood alleges that her work was competent. (¶ 21) In late 1987, Owens called Ms. Wood to his office and told her that her work was defective. He grabbed her arm, pulled her toward him, caressed her arm, took lint from her blouse, and told her that he wanted to be intimate with her. Ms. Wood quickly left the room. The next morning, Owens apologized. (¶ 23) The second week of January 1988, in Owens' office, Owens told the plaintiff that he wanted a sexual relationship with her. After Ms. Wood told Owens that she could not have an affair with him, he became very angry. (¶ 25) On several occasions, Owens asked Ms. Wood if she had changed her mind, and if he could call her at home. (¶¶ 26–28) On February 17, 1988, Owens called Ms. Wood into his office and told her that she was not right for the job and that she had to leave. (¶ 30) On February 22, 1988, Ms. Wood gave notice of her resignation. (¶ 32)

Major Owens has denied all of the above allegations. In an affidavit, he has stated: "I never spoke in a sexually suggestive manner to plaintiff nor did I at any time ever proposition or otherwise make any sexual advance towards plaintiff." (Aff. at ¶ 6)

The United States argues in its memorandum that Ms. Wood has not carried her

---

1. 28 U.S.C. § 2679(d)(1) reads: "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant."

2. 28 U.S.C. § 2680 reads, in relevant part: "The provisions of this chapter and section 1346(b) of this title shall not apply to—(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights...."

burden of proving that Owens was not acting within the scope of his employment at all material times. The government claims that an evidentiary hearing is required to determine whether Owens in fact committed the acts alleged in the complaint. I disagree. Ms. Wood is not required to prove that Owens actually committed the acts alleged at a pre-trial evidentiary hearing; that would defeat the whole purpose of having a trial. At this early stage of the suit, when no discovery has been conducted, I will look to the allegations in the complaint. *See Hoston v. Silbert*, 681 F.2d 876, 879 (D.C.Cir.1982) ("Whether given acts are within the scope of employment is ultimately a legal question").

Beyond peradventure, the acts of sexual harassment described in the complaint were *not* in the scope of Major Owen's employment. In *Nasuti II*, our court of appeals set out the standard for determining when an act is within the scope of employment:

The issue of whether an employee is acting within the scope of his employment for purposes of the FTCA is governed by the law of respondeat superior of the state in which the negligent or wrongful conduct occurred. *Williams v. United States*, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955); *White v. Hardy*, 678 F.2d 485 (4th Cir.1982). Under Massachusetts law, an employer is liable for the intentional tort of his employee only if "the assault was committed as a result of the plaintiff's conduct which *at the time of the assault* was affecting the employee's ability to satisfactorily do his job." *Miller v. Federated Department Stores, Inc.*, 364 Mass. 340, 348, 304 N.E.2d 573, 579 (1973).

906 F.2d at 805 n. 3.

■ The standard articulated in *Nasuti II* applies to members of the military: "Where the employee is a member of the military, the scope of employment 'means acting in line of duty.' 28 U.S.C. § 2671. 'Line of duty' is defined in turn by the applicable state law of *respondeat superior*." *Lutz v. United States*, 685 F.2d 1178,

1182 (9th Cir.1982) (citations omitted). *See also Merritt v. United States*, 332 F.2d 397, 398 (1st Cir.1964) ("It is settled that the phrase 'acting in line of duty,' while having a military sound, ... with respect to the Tort Claims Act merely invokes the state law of respondeat superior").

In this case, the torts alleged are intentional. Therefore, under Massachusetts law, the United States is liable only if Owen's alleged harassment was a result of Ms. Wood's preventing Owens from doing his job. Obviously, that is not the case here.

Several other courts, applying the law of *respondeat superior* in their jurisdictions, have reached the same result. *See, e.g., Doe v. United States*, 618 F.Supp. 503, 505 (D.C.S.C.1984), *aff'd*, 769 F.2d 174 (4th Cir. 1985) (holding that an Air Force Major's exposing himself and suggesting sexual acts while counseling the plaintiff was "far beyond the scope of his employment"); *Turner v. United States*, 595 F.Supp. 708 (W.D.La.1984) (holding that a United States Army employee who deceived women into believing that, in order to join the Louisiana National Guard, they had to submit to complete physical examinations by him, was acting outside the scope of his employment). *But see Simmons v. United States*, 805 F.2d 1363 (9th Cir.1986) (holding that an Indian Health Service counselor who wrongfully entered into a sexual relationship with the plaintiff was acting within the scope of his employment). I find that Ms. Wood's complaint alleges acts that were not within the scope of Major Owen's employment.

■ The motion of the United States to dismiss the two remaining counts in the third amended complaint is allowed. Count VI is dismissed because under 28 U.S.C. § 2680(h), the United States cannot be held liable for many intentional torts of its employees, including assault and battery. Count IV is for a violation of Ms. Wood's "civil right to be free of sex discrimination and sexual harassment and emotional distress as provided by G.L. Ch. 12, §§ 11 and 11I, [Owens] having threatened and intimidated her...." To the extent that Count

IV is a claim against the United States for sex discrimination or sexual harassment, it is preempted by Title VII. *See Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). To the extent that Count IV is a claim against the United States for emotional distress arising out of the alleged assault and battery, it is barred by 28 U.S.C. § 2680(h).

The case may now proceed against Major Owens in his private, individual capacity. In *Nasuti,* our court of appeals stated:

If the district court finds that Scannell was acting *outside* the scope of his employment, it shall remand the case back to the state superior court.... We imply power to enter a remand order (should scope not be found) from the analogous authorization in section 2679(d)(3), and from the fact that a remand is both more logical and efficient than a dismissal of the federal action.

906 F.2d at 814 & n. 17. In this case there is no need to remand to state court. This court retains diversity jurisdiction under 28 U.S.C. § 1332, because Owens is now stationed in Georgia. The complaint states a claim for damages sufficient to meet the jurisdictional amount of $50,000. Owens already has been served process.

■ Count VI, for assault and battery, stands against Owens. As I stated in my order of July 26, 1989, this count is not preempted by Title VII. *See Stewart v. Thomas,* 538 F.Supp. 891, 895–97 (D.D.C. 1982).

■ Count IV, for violation of M.G.L. c. 12, § 11I, also stands against Owens. Although some courts have held that Title VII is the exclusive remedy available to federal employees pursuing discrimination claims against federal officials sued in their individual capacities [3], I agree with the reasoning of the District Court for the District of Columbia in *Neely v. Blumenthal,* 458 F.Supp. 945 (D.D.C.1978). In that case, Judge Sirica performed a thorough analysis of the scope of *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976):

*Brown* did not address the question of Title VII's preemptive effect on discrimination suits brought against individual officers for damages.... *Brown* was decided on the basis of the sovereign immunity doctrine, a doctrine that curtails the ability of claimants to obtain official relief *against the federal government,* including relief taking the form of retroactive promotion and back pay.... Sovereign immunity serves to protect the federal government from unconsented suits that go to invading the public treasury and mandating governmental action.... But the doctrine does not extend to protect government officers from personal liabilities arising out of their official activities.... Taking the Federal Tort Claims Act as a model, it emerges that waivers of sovereign immunity do not in and of themselves affect preexisting remedies available against individual officials.... Since nothing in Title VII reveals an intent to disturb avenues of relief against discriminating officials in their personal capacities, *Brown's* preemption rule stands circumscribed to the extent of cutting off only official remedies for federal employment discrimination.

458 F.Supp. at 952–55. In *Neely,* the court refused to imply a damages action arising directly under the Constitution based on a *Bivens* theory against individual officers.

In a later case, the District Court for the District of Columbia held that *Brown* did not preclude state tort remedies directed at federal officials in their individual capacities. *Epps v. Ripley,* 30 BNA FEP Cas. 1632, 31 CCH EPD para. 33,451, 1982 WL 514 (D.D.C.1982). In *Epps,* the plaintiff, a former employee of the Smithsonian Institution, filed suit for sexual harassment against a building manager in his official capacity. In addition, the plaintiff brought a common law claim against the building manager in his individual capacity for in-

---

**3.** *See, e.g., Baird v. Haith,* 724 F.Supp. 367, 378–79 (D.Md.1988); *White v. General Services Administration,* 652 F.2d 913, 916–17 (9th Cir. 1981); *Newbold v. United States Postal Service,* 614 F.2d 46, 47 (5th Cir.1980), *cert. denied,* 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980).

tentional infliction of emotional distress. The court found that *Brown* had not addressed the issue of whether Title VII precludes state tort actions against federal officials in their individual capacities. In holding that Title VII does not preclude state tort remedies, the court stated: "reading *Brown* to have no effect on the availability of state tort remedies is supported by the deference Title VII accords state laws barring employment discrimination." *Id.*

In another sexual harassment case, the Third Circuit allowed a clerical worker employed by the Veterans Administration to maintain a Title VII claim against the head of the agency and state constitutional and common law claims against the staff physician who allegedly sexually harassed her. *Owens v. United States*, 822 F.2d 408 (3rd Cir.1987). The court interpreted *Brown* as holding that Title VII is the exclusive *federal* remedy against federal officials for federal employees. *Id.* at 410.

In sum, the plaintiff may bring both counts in the Third Amended Complaint against Owens in his private, individual capacity. Despite Magistrate Alexander's order of March 13, 1990 that the third amended complaint would be the final complaint, given the complex procedural history of this case, the plaintiff may amend her complaint to include, for example, a count for intentional infliction of emotional distress or for sex discrimination under M.G.L. c. 151B, § 4. The plaintiff shall have 20 days to file an amended complaint against Owens in his individual capacity. Major Owens shall have 21 days to file a responsive pleading.

Accordingly, the Attorney General's certification is vacated. The motion of the United States to dismiss the third amended complaint is allowed.