MR. AND MRS. H. LINZA HUMPHREY, PARENTS AND NEXT OF KIN OF
HENRY ALLEN HUMPHREY, DECEASED v. QUALITY CLEANERS AND
LAUNDRY AND THE FIDELITY AND GUARANTY COMPANY OF
NEW YORK.

(Filed 14 October, 1959.)

**1. Master and Servant § 40d—**

Ordinarily, an injury suffered by an employee while going to or re-
turning from the place where he is employed, does not arise out of and
in the course of his employment.

**2. Same— Evidence held sufficient to support finding that injury to
the employee while on his way to work did not arise in the course
of his employment.**

Evidence tending to show that the driver of a laundry truck lived
some distance from the plant and used his own automobile in going
to and from the plant, and that on the morning in question he was
carrying with him a cash box with money belonging to the laundry and
articles of clothing to be cleaned, which his girl friend had given him
the night before when he stopped at her house on his way home, and
that he was fatally injured when he drove his car into a bridge abut-
ment, without any evidence that he was under any express or im-
plied obligation to solicit laundry or dry cleaning in his home com-
munity, *is held* sufficient to support the finding of the Industrial Com-
mission that the transportation of the cash box and clothing was merely
incidental to the trip from his home to the laundry and that therefore
the injury did not arise out of and in the course of his employment.

**3. Master and Servant § 55d—**

The findings of fact of the Industrial Commission are conclusive
on appeal if supported by any competent evidence.

HIGGINS, J., not sitting.

APPEAL by plaintiffs from *Bundy, J.,* July Term, 1959, of ONSLOW.

This proceeding was instituted to recover compensation for the
death of Henry Allen Humphrey, an employee of the defendant
Quality Cleaners and Laundry (hereinafter called Laundry). The
Fidelity and Guaranty Company of New York was the insurance
carrier of the defendant Laundry.

Henry Allen Humphrey had been employed by the defendant Laun-
dry from about the middle of September 1956 until the accident on
13 December 1956, which resulted in his death. He was employed
as a truck driver. His duties were to work in Camp Lejeune, picking
up laundry and dry cleaning and delivering it back to the owners
after it had been laundered or dry cleaned. He was furnished a Ford
truck by the defendant Laundry and the Laundry paid all expenses
in connection with its operation, including gasoline. The driver was

not permitted to use the truck for any purpose other than picking up and delivering laundry and dry cleaning in the assigned area.

This employee was unmarried and lived with his parents in the northwestern part of Onslow County about 16 miles from Jacksonville, where the plant of his employer was located. He furnished his own automobile in which he commuted from his home to and from Jacksonville.

The employee was paid a commission of twelve per, cent with a guarantee of $50.00 per week, whether he made his guarantee or not. At no time during his employment with the defendant Laundry did he earn more than his guarantee. Any money he collected for work done he kept in a cash or money box and checked up every Friday night. The drivers of the defendant Laundry, including the deceased, brought in dry cleaning from their neighbors and friends three or four times a week and delivered it and collected for it. The drivers were given credit on this cleaning in determining their commissions. On 12 December 1956, Humphrey called on his girl-friend on his way home from work and ate dinner at her home; when he left her home about 10:00 p.m. he took with him three of her skirts and one short white coat to take to his employer's plant to be cleaned. He then returned to his home. He took the money box which contained the money he had collected since the preceding Friday into the house with him. The next morning the deceased got into his car about 4:15 a.m. and proceeded by the most direct route toward Jacksonville. On the way, at approximately 4:45 a.m., the plaintiff's car struck a bridge on U. S. Highway 17; he was severely injured and died nine months later. The fog at the time of the accident was very thick, making visibility almost impossible.

At the scene of the accident, a large amount of money, presumably from the money box, was scattered in and around the car on the ground. In the back seat of the deceased's car were some articles of clothing which his girl-friend had given him the night before. Through another employee of the defendant Laundry, the coat and one of the skirts belonging to Humphrey's girl-friend were delivered to the Laundry and were cleaned. Thereafter, the Laundry delivered these articles to the owner at its place of business and for which she paid the usual cleaning charges.

The hearing Commissioner held that the accident which caused the death of Henry Allen Humphrey did not arise out of and in the course of the employment. On appeal to the full Commission the ruling of the hearing Commissioner was affirmed. An appeal was taken to the Superior Court and the ruling of the Commission was likewise affirmed. The plaintiffs appeal, assigning error.

*Ellis, Warlick & Godwin for plaintiffs.*
*Teague, Johnson & Patterson for defendants.*

DENNY, J.  The sole question for determination on this appeal is whether or not the accident which caused the death of Henry Allen Humphrey arose out of and in the course of his employment.

Ordinarily, an injury suffered by an employee while going to or returning from the place where he is employed, does not arise out of and in the course of his employment. *Bray v. Weatherly & Co.,* 203 N.C. 160, 165 S.E. 332, 94 A.L.R. 589; *Smith v. Gastonia,* 216 N.C. 517, 5 S.E. 2d 540; *McLamb v. Beasley,* 218 N.C. 308, 11 S.E. 2d 283; *Bryan v. T. A. Loving Co.,* 222 N.C. 724, 24 S.E. 2d 751; *Ellis v. Service Co. Inc.,* 240 N.C. 453, 82 S.E. 2d 419.

In the last cited case, *Bobbitt, J.,* speaking for the court, said: "An employee is not engaged in the prosecution of his employer's business while operating his personal car to the place where he is to perform the duties of his employment, *Wilkie v. Stancil, supra* (196 N.C. 794, 147 S.E. 296), nor while leaving his place of employment to go to his home, *Rogers v. Carolina Garage,* 236 N.C. 525, 73 S.E. 2d 318."

The appellants cite and rely upon the cases of *Hardy v. Small,* 246 N.C. 581, 99 S.E. 2d 862; *Hinkle v. Lexington,* 239 N.C. 105, 79 S.E. 2d 220; *Massey v. Bd. of Education,* 204 N.C. 193, 167 S.E. 695; and 99 C.J.S., Workmen's Compensation, §§ 232 and 236.

In our opinion, the facts in each of the foregoing cases are distinguishable from the facts in the case now before us and are therefore not controlling.

In 99 C.J.S., Workmen's Compensation, § 232, page 815, it is stated: " * * * it is held that injuries which occur to an employee while going to or from work may be compensable where it appears that at the time of such injuries he is engaged in doing an act, or performing a duty, which he is definitely charged with doing as a part of his contract of service or under the express or implied direction of his employer, * * *."

In § 236 of the above authority, at page 846, it is said: "Moreover, the fact that the employee furnishes his own conveyance will not defeat his right to compensation for injuries sustained while going to or from work where the employee, while so doing, is engaged in the business of the employer, or is on a mission for the employer, or is engaged in performing his duties, * * *." However, in another portion of § 232, preceding that quoted above, beginning at page 807, we find the following statement: "It is laid down as a general rule, known as the 'going and coming' rule, that, in the absence of special

circumstances, and except in certain unusual circumstances, and where nothing else appears, harm or injury sustained by an employee while going to or from his work is not compensable. Such an injury, or accident, is regarded by the weight of authority of many courts as not arising out of his employment, and as not being, or not occurring, in the course thereof."

The hearing Commissioner found as a fact that Henry Allen Humphrey was performing no services for his employer at the time of his accident, "but was on his way to work on his personal car; that none of the expenses of the trip were being borne by the employer; that the transportation of the employer's cash box and of the * * * clothing was merely incidental to the trip and not in the performance of any express or implied duty connected with the employment." This finding of fact is supported by competent evidence and is binding on us. *Vause v. Equipment Co.,* 233 N.C. 88, 63 S.E. 2d 173; *Tucker v. Lowdermilk,* 233 N.C. 185, 63 S.E. 2d 109; *Withers v. Black,* 230 N.C. 428, 53 S.E. 2d 668; *Creighton v. Snipes,* 227 N.C. 90, 40 S.E. 2d 612; *Rewis v. Insurance Co.,* 226 N.C. 325, 38 S.E. 2d 97.

In the case of *Ridout v. Rose's Stores, Inc.,* 205 N.C. 423, 171 S.E. 642, Clarence B. Ridout and William Dement were employees of Rose's Stores — the former manager, the latter assistant manager of the store at Morehead City. On Sunday, 20 December 1931, these young men made a trip from Morehead City to Henderson in a car owned by William Dement. Rose's Stores had a warehouse at Henderson, from which all its branch stores were supplied. After their arrival at Henderson, Ridout had dinner with the manager of the warehouse and Dement called to see a young lady. In the afternoon, Ridout and the manager walked to the warehouse, got certain goods, put them in the car, and the young men started on their return trip. Near Raleigh the car in which they were traveling was struck by another car going in the opposite direction and both young men were killed.

The Industrial Commission found from the conflicting evidence that the death of the employees occurred while they were engaged in an adventure primarily for personal and social reasons and not in the performance of any duty expressly or impliedly connected with their employment, and that their receipt of the goods was incidental to the trip. This Court said that the facts as found by the Commission, when supported by competent evidence, are " 'conclusive and binding' on the appellate courts." And further said, "It is obvious that from Saturday night until Monday morning the relation of employer and

employee was suspended, and that there was no causal relation between the employment and the accident."

In *Marks' Dependents v. Gray*, 251 N.Y. 90, 167 N.E. 181, a plumber's helper, who was going to drive to a neighboring town to meet his wife, was asked by his employer to fix some faucets there— a trifling job which in itself would not have occasioned the trip. While on his way to this town, he was injured in a wreck and died. On the identical question now before us, *Cardozo, C. J.*, speaking for the Court, said: "If word had come to him before starting that the defective faucets were in order, he would have made the journey just the same. If word had come, on the other hand, that his wife had already returned, he would not have made the trip at all. * * * In such circumstances we think the perils of the highway were unrelated to the service. We do not say that the service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled. * * * The test in brief is this: If the work of the employee creates the necessity for travel, such is in the course of his employment, though he is serving at the same time some purpose of his own. * * * If however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel was then personal, and personal the risk."

In the instant case, there is no evidence to support the view that the defendant Laundry would have made any arrangements to have laundry or dry cleaning picked up in the vicinity where the deceased employee lived had he not brought it in, or that he was under any express or implied obligation to his employer to solicit laundry or dry cleaning in his home community. On the other hand, it is obvious that Henry Allen Humphrey would have undertaken the trip from his home to Jacksonville on the morning of his accident, irrespective of the presence of the dry cleaning in his car that day.

The judgment of the court below is

Affirmed.

HIGGINS, J., not sitting.