DOCKET E-5690 ELLIS HARRIS, SON OF RICHARD HARRIS, DECEASED
DOCKET E-5691 ARNITA IRVIN, WIDOW, ET AL
DOCKET E-5692 LEONA MARROW, WIDOW
                                              EMPLOYEES
                                              PLAINTIFFS
                        v.
JACK O. FARRELL, INC., EMPLOYER, INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY
                                              CARRIER
                                              DEFENDANTS

No. 769IC365

(Filed 20 October 1976)

Master and Servant § 62— workmen's compensation — auto accident on way home from work — injuries not arising out of employment
    In this proceeding to recover death benefits under the Workmen's Compensation Act, evidence was sufficient to support the Commis-

Harris v. Farrell, Inc.

sion's conclusion that while the deceased employees sustained injuries by accident which resulted in their deaths, such injuries did not arise out of and in the course of their employment with defendant employer where such evidence tended to show that the fatal automobile accident in question occurred after the employees had completed their day's work at the job site, had punched out on the time clock, had left the place of their employment, and had started homeward in a truck owned and operated, though such operation was subsidized by the employer, by a fellow employee whom they paid to transport them.

APPEAL by plaintiffs from orders of North Carolina Industrial Commission entered 10 September 1975. Heard in the Court of Appeals 14 September 1976.

These three proceedings were brought to recover death benefits under the Workmen's Compensation Act. They were heard jointly before the Hearing Commissioner of the North Carolina Industrial Commission. Each of the deceased employees died as result of injuries received on 10 May 1971 when the truck in which they were riding was involved in a multivehicle collision while being driven on a State Highway. The only issue presented is whether the accident arose out of and in the course of their employment.

Evidence presented before the Hearing Commissioner showed the following:

At the date of the accident, the employer, Jack O. Farrell, Inc., was engaged in constructing a school building in Chatham County. The superintendent on this project was Bill Raynor, Sr., who lived in Oxford, N. C. The deceased employees also lived in Oxford and worked on the school project in Chatham County. The accident occurred when Raynor and the deceased employees were returning to Oxford after completing their day's work at the job site. They were riding in a truck which belonged to Raynor, who was also killed in the accident.

When Raynor was first employed, his employer had furnished him a company-owned truck to be used by him in going back and forth from his home to various construction job sites and to be used to get equipment and small items of materials to and from the jobs. Under this arrangement the employer paid for all gasoline, oil, and all other expenses of maintaining and operating the truck. Later, Raynor wanted to have his own truck, and approximately a year to a year and a half before May 1971, he bought his own truck. Thereafter, Raynor

paid for all gasoline, oil, maintenance, and all other expenses of owning and operating his truck, and his employer paid him, in addition to his salary, the sum of $25.00 per week plus 7 cents per mile for all miles put on the truck between Raynor's home and the various job sites and for all miles driven when the truck was used during the course of construction to pick up small material items or tools.

Raynor was authorized by his employer to hire such employees as he felt were needed to construct the school project for which he was superintendent and to pay them the hourly wage in accord with the scale agreed to by the employer, but he was not authorized to provide or promise to anyone he employed any benefits beyond the agreed hourly pay. The employer provided a time clock at the school job site, and it was the responsibility of each employee on arriving at the job site to punch in and at the termination of the day's work to punch out.

Raynor's truck was fitted with a cover on the back and with benches built into the back on which people could sit. The deceased employees rode with Raynor in his truck each work day between Oxford and the job site in Chatham County, and for this each employee paid Raynor $1.00 for each day's ride. Prior to purchasing his own truck, Raynor had at times also used the employer-owned truck in similar fashion to transport other empoyees to and from various job sites.

The Hearing Commissioner entered an order in each case making findings of fact which include the following:

"2.    .    .    .

The deceased employee commuted every day from his place of employment to his home in Oxford in the truck of the job supervisor. . . . On May 10, 1971, the deceased employee was riding home in Raynor's truck when there was a motor vehicle accident resulting in deceased's death.

3. While the employer paid Raynor $25.00 per week for maintenance of the truck and seven cents a mile, which mileage included a stop in Oxford to pick up and drop off the deceased, this was paid to Raynor for Raynor's transportation and there was no understanding between the deceased employee and employer regarding the providing of transportation.

4. The deceased paid Raynor one dollar per day for transportation. The defendant employer paid the deceased on an hourly rate and had a time clock at the job site.

* * * *

7. Raynor had authority to hire and fire employees at the construction site. While it was not Raynor's responsibility to get workers to and from the job, it was Raynor's responsibility to get sufficient and qualified workmen to get the job done.

* * *

9. While Raynor's agreement regarding transportation with the deceased employee was to the employer's benefit, such agreement was not within the scope of Raynor's agency. The injury and subsequent death of the deceased therefore did not arise out of and in the course of the employment."

The Hearing Commissioner concluded as a matter of law that while the deceased employee sustained an injury by accident which resulted in his death, such injury by accident did not arise out of and in the course of this employment with defendant employer. Accordingly, the Hearing Commissioner in each case denied the claim for benefits under the Workmen's Compenstation Act. On appeal, the Full Commission adopted as its own the decision of the Hearing Commissioner in each case.

*Clayton and Ballance by Frank W. Ballance, Jr., for plaintiff appellants.*

*Spears, Spears, Barnes, Baker & Boles by Alexander H. Barnes, for defendant appellees.*

PARKER, Judge.

The findings of fact made by the Hearing Commissioner, which were adopted as its own by the Full Commission, are supported by competent evidence and are conclusive on this appeal. The determinative question presented by this appeal is whether the deceased employees died as result of injuries received "by accident arising out of and in the course of" their employment. G.S. 97-2(6) and (10). This is a mixed question of law and fact. *Allred v. Allred-Garner, Inc.*, 253 N.C. 554, 117 S.E. 2d 476 (1960). We agree with the Industrial Commission that while each of the deceased employees sustained an injury by

accident which resulted in his death, such injury by accident did not arise out of and in the course of his employment with defendant employer.

The fatal accident occurred after the employees had completed their day's work at the job site, had punched out on the time clock, had left the place of their employment, and had started homeward in a truck owned and operated by a fellow employee whom they paid to transport them. Generally, injuries sustained in accidents occurring off the employer's premises while the employee is going to or returning from work are not covered by the Workmen's Compensation Act, since in those cases there is not such a causal connection between the employment and the accident that the latter can properly be considered as "arising out of and in the course of" the former. *Humphrey v. Laundry,* 251 N.C. 47, 110 S.E. 2d 467 (1959); *Insurance Co. v. Curry,* 28 N.C. App. 286, 221 S.E. 2d 75 (1976); 1 Larson, Workmen's Compensation Law, § 15; 82 Am. Jur. 2d, Workmen's Compensation, § 255. An exception to this general rule is made, however, and "[s]uch an injury is compensable when it is established that the employer, as an incident of the contract of employment, provides the means of transportation to and from the place where the work of the employment is performed." *Hardy v. Small,* 246 N.C. 581, 585, 99 S.E. 2d 862, 866 (1957). Plaintiffs here cannot bring their claims for benefits within the exception. Contrary to their contention, the evidence did not compel a finding by the Commission that the employer had an established and long-standing practice of furnishing transportation to its employees, originally by the employer-owned truck and later by the employer-subsidized truck of its superintendent, such as to make the furnishing of transportation an incident of the contract of employment. Indeed, the uncontradicted evidence that the employees paid for their transportation negatives such a finding.

The orders appealed from are

Affirmed.

Judges BRITT and CLARK concur.