An employer is not liable for injuries arising out of its employees' social activities together simply because their relationship formed on the job. The employer must derive "substantial direct benefit from the activity beyond the intangible value of improvement in employee morale that is common to all kinds of recreation and social life." Larson, TheLaw of Workmen's Compensation, §§ 22.00 and 22.33.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS from the Opinion and Award of the Deputy Commissioner the following FINDINGS OF FACT:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Industrial Commission, and the parties are subject to and bound by the provisions of the Worker's Compensation Act at the time of the automobile accident.
2. The plaintiff began employment with the defendant-employer on April 6, 1990, and the employment relationship existed between the plaintiff and defendant-employer on October 11, 1990. During this employment period, plaintiff earned $18,596.71 in gross wages.
3. Universal Underwriters, Inc. is the insurance carrier on the risk.
4. The parties further stipulated the only issues to be decided by the Commission are:
 (a) Did James D. Wimberly's death result from an injury arising out of and in the course and scope of his employment by Mitchener Chevrolet, Inc.?
 (b) If it is determined that James D. Wimberly's death resulted from an injury arising out of and in the course and scope of his employment by Mitchener Chevrolet, Inc., what amount is his daughter, Amy Marie Wimberly, his only wholly-dependent child, entitled to receive under the Worker's Compensation Act?
 FINDINGS OF FACT
1. On October 11, 1990, plaintiff's decedent, Mr. Wimberly, was employed as a Motor Vehicle Salesman and as Fleet Sales Manager with defendant-employer, Mitchener Chevrolet, Inc., a motor vehicle dealership located in Fuquay-Varina, North Carolina. As a part of his employment, Mr. Wimberly was required to make periodic trips to call on prospective customers in relation to his duties as Fleet Sales Manager. Therefore, he was authorized by the defendant-employer to use a demonstrator vehicle for business and personal use. Mr. Wimberly was required to pay defendant-employer $125.00 per month for his personal use of the vehicle, which was payroll deducted from his salary, and was required to reimburse the defendant-employer for gasoline provided for the vehicle during Mr. Wimberly's personal use. At the time of the accident, the demonstrator vehicle provided to Mr. Wimberly was a new 1990 full-size Chevrolet Silverado pick-up truck.
2. On October 11, 1990, Mr. Wimberly resided at Route 3, Box 83, Angier, North Carolina 27501.
3. On October 11, 1990, Tracy Langdon was the owner of a 1990 Chevrolet Camero RS, which she purchased from Mr. Wimberly at Mitchener Chevrolet, Inc., on July 4, 1990. Prior to October 11, Ms. Langdon had experienced problems with the T-top of the vehicle leaking, and on October 11, she went to the dealership to discuss having the top repaired. Mr. Wimberly arranged to have the service department repair the Langdon vehicle the first thing on the morning of October 12, 1990. As a convenience to Ms. Langdon, Mr. Wimberly loaned his demonstrator to her to drive until the following day, and she left her vehicle at the dealership to be repaired. Ms. Langdon was not asked for nor did she give specific prior authorization for Mr. Wimberly or anyone else to drive her vehicle while it was left for repairs at Mitchener Chevrolet, Inc.
4. Prior to leaving work on October 11, 1990, co-worker Steve Messer invited Mr. Wimberly to his home in Bunn Level, North Carolina for dinner. As they were friends, as well as co-workers, Mr. Wimberly accepted the invitation. Mr. Wimberly had never been to Mr. Messer's home, and when they departed from Mitchener Chevrolet, Inc., in Fuquay-Varina, at approximately 7:00 p.m., Mr. Messer drove his personal vehicle and Mr. Wimberly followed in the Langdon vehicle. En route, Mr. Messer stopped at a Texaco station at Five Points, near Fuquay-Varina, and after making a purchase, both vehicles proceeded to Bunn Level.
5. The route to be traveled by Mr. Messer and the Mr. Wimberly was: Highway 401 from Mitchener Chevrolet to Five Points; Highway 55 from Five Points to Angier; turn right in Angier, off Highway 55 to Highway 210 to Lillington; turn left off Highway 210 in Lillington, onto Prison Camp Road and proceed to the residence of Mr. Messer.
6. Upon turning down Prison Camp Road, and driving approximately two miles, Mr. Messer encountered a horse which had entered the roadway. Mr. Messer swerved into the left lane and avoided colliding with the horse. However, the Langdon vehicle, driven by Mr. Wimberly, struck the horse, broad-sided. The vehicle spun across the roadway and into a ditch. The impact between the vehicle and the horse smashed the windshield and T-top completely down onto Mr. Wimberly, causing massive head injuries which resulted in his death on October 15, 1990.
7. At the time of his death, the Mr. Wimberly's natural daughter, Amy Marie Wimberly, then age 16, was the only person wholly dependent upon Mr. Wimberly for support and maintenance.
8. Mr. Wimberly was engaged in a personal mission at the time of the fatal accident while traveling to the home of a co-worker after work hours to share dinner. Therefore, even if Mr. Wimberly was deemed to be acting in the course of his employment during the trip to his home in Angier, after Mr. Wimberly passed Angier and proceeded to Bunn Level, he was proceeding on a purely personal errand. Therefore, Mr. Wimberly did not suffer an injury by accident arising out of and in the course of the employment on October 11, 1990, within the meaning of the Worker's Compensation Act. N.C.G.S. § 97-2.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. For an injury to be compensable under the North Carolina Worker's Compensation Act, the claimant must prove the injury by accident arose out of and in the course of the employment. Gallimore v. Marilyn's Shoes, 292 N.C. 399, 233 S.E.2d 529
(1977).
2. If the work of the employee creates the necessity for travel, such is in the course of his employment, though he is serving at the same time some purpose of his own. . . . If however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel was then personal, and the risk personal. Humphrey v. Quality Cleaners and Laundry, 251 N.C. 47, 51, 110 S.E.2d 467 (1959), quoting Mark's Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181.
3. In this case, Mr. Wimberly was engaged in a personal mission at the time of the fatal accident, to wit, going to the home of a co-worker after work to share dinner. Therefore, even if Mr. Wimberly was deemed to be acting in the course of his employment during the trip to his home in Angier, after Mr. Wimberly passed Angier and proceeded to Bunn Level, he was proceeding on a purely personal errand. Therefore, Mr. Wimberly did not sustain an injury arising out of and in the course of his employment with defendant-employer. N.C.G.S. § 97-2.
5. The plaintiff is, therefore not entitled to recover benefits under the North Carolina Worker's Compensation Act.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. The plaintiff's claim for worker's compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
 S/ ______________________ J. RANDOLPH WARD COMMISSIONER
S/ ______________________ FORREST H. SHUFORD, II DEPUTY COMMISSIONER
S/ ______________________ COY M. VANCE DEPUTY COMMISSIONER