LILLIAN E. MURRAY, Widow of HUGH H. MURRAY, JR., Deceased Employee, and WACHOVIA BANK & TRUST COMPANY, Executor of the Estate of HUGH H. MURRAY, JR. v. ASSOCIATED INSURERS, INCORPORATED, Employer; VIRGINIA MUTUAL INSURANCE COMPANY, Carrier

No. 279A94

(Filed 6 October 1995)

**Workers' Compensation § 152 (NCI4th)— auto accident— death benefit—dual purpose rule**

There was competent evidence to support the Industrial Commission's findings and the findings justify the conclusions and award denying plaintiffs' claim where plaintiffs sought an award of death benefits for a decedent who died from injuries received in an automobile accident while on his way from Raleigh to Hound Ears. Although there was evidence to support plain-

tiffs' position, there was also competent evident to support the finding that there was no employment-related purpose which created the necessity for the trip and the findings justify the conclusion that the dual purpose rule does not apply.

**Am Jur 2d, Workers' Compensation § 294.**

Justice ORR did not participate in the consideration or decision of this case.

Justice WHICHARD dissenting.

Appeal by defendants pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 114 N.C. App. 506, 442 S.E.2d 370 (1994), vacating and remanding the Industrial Commission's opinion and award denying plaintiffs' claims for death benefits filed 11 August 1992. Heard in the Supreme Court 12 September 1995.

*Teague, Campbell, Dennis & Gorham, by C. Woodrow Teague and George W. Dennis III, for plaintiff-appellees.*

*Young Moore Henderson & Alvis P.A., by B.T. Henderson II and J. Aldean Webster III, for defendant-appellants.*

MITCHELL, Chief Justice.

This appeal is the result of a workers' compensation claim in which the plaintiffs seek an award of death benefits under N.C.G.S. § 97-38. Decedent Hugh H. Murray, Jr., was the founder of Associated Insurers, Inc. He sold the company in 1982 to five co-workers but continued to work as an employee of the company for a salary plus an automobile allowance and operating expenses. On 27 June 1986, decedent was severely injured in a car accident on his way from Raleigh to the Hound Ears community near Boone, North Carolina. Decedent died on 5 September 1987 as a result of his injuries.

After a hearing, a deputy commissioner entered an opinion and award denying plaintiffs' claims for death benefits. The deputy commissioner determined that the injuries sustained by and the subsequent death of the decedent did not arise in the course of the decedent's employment and denied plaintiffs' claim. The Industrial Commission adopted the opinion and award as filed, noting that the decedent was on his way to a "purely non-business related party" and

that he was off duty when the collision occurred; thus, he "was not in the course of his employment, even if he would have been at some time the following day." Plaintiffs appealed to the Court of Appeals. The Court of Appeals held that the Commission erred in concluding that whether decedent had business appointments during the weekend was irrelevant because he was on his way to a dinner party at the time of the accident. The Court of Appeals stated that decedent's injuries and resulting death are compensable under the dual purpose rule if decedent had a concurrent business purpose for traveling to Hound Ears. The Court of Appeals vacated and remanded this case to the Industrial Commission in order for it to make specific findings of fact on that issue. Judge Cozort dissented, stating that the factual issue presented under the dual purpose rule had been resolved by the Commission. Defendants appeal to this Court as a matter of right by virtue of Judge Cozort's dissent.

The issue on appeal is whether the findings of fact made by the Industrial Commission support its conclusion that there was no dual purpose involved in decedent's trip. The Industrial Commission's findings of fact are conclusive on appeal if supported by competent evidence even though there is evidence to support a contrary finding. *Morrison v. Burlington Indus.*, 304 N.C. 1, 282 S.E.2d 458 (1981). Therefore, our review is limited to two questions: (1) whether the Commission's findings of fact are supported by any competent evidence, and (2) whether those findings of fact justify the Commission's legal conclusions and award. *Hansel v. Sherman Textiles*, 304 N.C. 44, 283 S.E.2d 101 (1981).

In *Humphrey v. Quality Cleaners & Laundry*, 251 N.C. 47, 110 S.E.2d 467 (1959), this Court set out the test for determining whether a trip that has both personal and business purposes is compensable under the Workers' Compensation Act:

> If the work of the employee creates the necessity for travel, [he] is in the course of his employment, though he is serving at the same time some purpose of his own. * * * If however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel was then personal, and personal the risk.

*Id.* at 51, 110 S.E.2d at 470 (quoting *Marks' Dependents v. Gray*, 251 N.Y. 90, 93, 167 N.E. 181, 183 (1929) (alteration in original)).

In finding of fact eighteen, the deputy commissioner found:

18. There was no employment-related purpose which created the necessity for Mr. Murray's trip on 27 June 1986. Mr. Murray was traveling to Hound Ears for a social and relaxing weekend with his wife. Mr. Murray's work did not create the necessity for travel.

This finding of fact was adopted by the Commission.

In his conclusion of law, the deputy commissioner concluded:

5. Assuming arguendo that the "dual purpose rule" is applicable to the present case, inasmuch as Mr. Murray's trip would have been made despite the failure of any business purpose for the weekend in question and would have been dropped in the event of the failure of the private purpose, Mr. Murray's trip was a personal trip and, therefore, Mr. Murray's death as a result of the collision on 27 June 1986 is not compensable under the North Carolina Workers' Compensation Act. [*Humphrey*, 251 N.C. 47, 110 S.E.2d 467]; N.C.G.S. § 97-2(6).

This conclusion was adopted by the Commission.

After careful review of the briefs, transcripts and record, we conclude that although there was evidence to support plaintiffs' position, there was also competent evidence to support the Commission's findings and its findings justify its conclusions and award. Further, we agree with Judge Cozort that the factual issue arising under the dual purpose rule in this case was resolved by the Commission in its opinion and award. Accordingly, the decision of the Court of Appeals to vacate and remand to the Commission is reversed.

REVERSED.

Justice ORR did not participate in the consideration or decision of this case.

Justice WHICHARD dissenting.

The dissenting opinion in the Court of Appeals and the majority opinion here are correct in concluding that the Commission made a finding, supported by evidence in the record, which in turn supports the conclusion that the dual purpose doctrine does not apply to the

facts presented. They are incorrect, however, in holding that the inquiry ends there.

The Commission made its finding after excluding evidence which was admissible under N.C.G.S. § 8C-1, Rule 803(3); was relevant to the question at issue; and was directly supportive of a finding that at the time of the accident, plaintiff's decedent had concurrent business and personal purposes. Indeed, Lillian Murray's proffered testimony that a business appointment was "the reason for going" would have supported a finding that business was the sole, or at least the primary, purpose for the trip. In treating this proffered evidence as irrelevant to its decision, the Commission was operating under a misapprehension of the applicable law. "It is still the rule that '[f]acts found under misapprehension of the law will be set aside on the theory that the evidence should be considered in its true legal right.' " *Helms v. Rea,* 282 N.C. 610, 620, 194 S.E.2d 1, 8 (1973) (quoting *McGill v. Lumberton,* 215 N.C. 752, 754, 3 S.E.2d 324, 326 (1939)). The Court of Appeals majority thus properly vacated the Commission's opinion and award and remanded the case for reconsideration of the evidence in its true legal light.

I find the reasoning and result of the majority opinion for the Court of Appeals entirely correct, and I therefore dissent.