The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ford. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
*******************
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing as:
STIPULATIONS
1. Plaintiff's Exhibits 1 through 5 are allowed into evidence.
2. Defendants Exhibit 1 is allowed into evidence.
3. Plaintiff and defendants disagreed only as to whether the death of James Kendall Whitaker III resulted from an injury occurring during the course and in the scope of his employment with Fitness Specialists, Inc.
*******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
FINDINGS OF FACT
1. This matter is properly before the Industrial Commission.
2. Defendant-employer, Fitness Specialists, Inc., (hereinafter "defendants") is covered by the North Carolina's Workers' Compensation Act and James Kendall Whitaker III, (hereinafter, "decedent") was a covered employee under the Act at the time of the automobile accident which caused his death.
3. Selective Insurance is the insurance carrier on the risk in this matter.
4. On 3 October 1995 and prior thereto, decedent was employed by defendants as an outside salesperson. As an outside sales person, decedent's daily duties included promoting sales and selling merchandise for defendants by means of personal contact with clients and potential clients.
5. As part of his employment, decedent traveled by automobile to businesses on a daily basis and within a territory of about a four-hours' drive from the defendant's Raleigh office at 4000-116 Atlantic Avenue.
6. Decedent's hours were not strictly supervised by defendants. Decedent was responsible for setting up appointments and managing his schedule.
7. Decedent was compensated by payment of an amount for travel expenses and commissions.
8. Decedent's average weekly wage at the time of the injury by accident was three hundred fifty-nine dollars and sixty-seven cents ($359.67).
9. Decedent normally worked forty hours per week and eight hours per day. There is no evidence that decedent intended to work less than eight hours on 3 October 1995.
10. On 3 October 1995, decedent's Day-timer indicated that he had an appointment at 11:00 a.m. "w/Jay in Selma." The Day-timer also listed the following items on 3 October 1995:
 a) "Look for properties in Durham being built around Beech Lake and Woods Edge"
b) "Go by Europa"
c) "Go by East, West Partners"
d) "Must call Colony Management about Bike (Sharon Morris)"
11. On 3 October 1995, decedent had an 11:00 a.m. appointment with Jay Tresario and another individual at the Holiday Inn Express in Selma, North Carolina. Decedent kept the appointment with Mr. Tresario and the other individual because keeping appointments was a part of decedent's employment with defendants. Decedent drove an automobile to this appointment with Mr. Tresario and the other individual.
12. At approximately 11:30 a.m. on 3 October 1995, decedent was involved in an automobile accident at the intersection of Highway 39 and Highway 42, approximately 9.1 miles north of Selma, North Carolina. Decedent died at the scene as a result of this automobile accident due to traumatic head and chest injuries.
13. At the time of the injury by accident, decedent was driving an automobile normally driven by his wife, Lisa Michelle Arment Whitaker (hereinafter "plaintiff").
14. On 3 October 1995, plaintiff had driven decedent's car to her employment in Wendell, North Carolina at East Wake High School. Decedent's car was in the parking lot of the school. At some point during the morning of 3 October 1995, plaintiff received a message that decedent had called and asked her to unlock his automobile.
15. At the time of the injury by accident and resulting in his death, decedent was engaged in the work of an outside salesperson for defendants. The route on which the decedent was traveling at the time of his death led back to Raleigh and was not substantially greater in mileage that highway 70 which he used to travel from Raleigh to Selma. Thus, both the business and personal errand would have been accomplished but for the accident without a deviation occurring.
16. Decedent and plaintiff were married on 15 September 1995 and were legally married at the time of the accident. Decedent had no children.
*******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Decedent suffered an injury by accident in the course and scope of his employment with defendant-employer, and as a result of that injury, died on 3 October 1995. Murray v. AssociatedInsurance, Inc., 114 N.C. App. 506, 442 S.E.2d 370 (1994), rev'don other grounds, 341 N.C. 712, 462 S.E.2d 490 (1995); Humphreyv. Quality Cleaners and Laundry, 251 N.C. 47, 110 S.E.2d 467
(1959).
2. Plaintiff is the sole dependent of decedent and, as such, is entitled to death benefits as provided by the North Carolina Workers' Compensation Act. N.C. Gen. Stat. §§ 97-38 and 97-39.
*******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff shall be paid death benefits by defendant-employer for 400 weeks at the weekly compensation rate of $239.79 as of 30 October 1995, subject to the attorney's fee set forth below.
2. Defendants shall pay all medical bills, to the extent present, incurred incident to the death of decedent.
3. An attorney's fee in the amount of twenty-five percent of the total award set forth below is approved and allowed to plaintiff's counsel for both the trial at the Deputy Commission level and the oral arguments at Full Commission.
4. The sum of $2,000.00 shall be paid directly to plaintiff by defendants for funeral and burial expenses.
5. Defendants shall pay the costs.
This the 8th day of July 1997.
 S/ ______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ COY M. VANCE COMMISSIONER
S/ ______________________ MARY MOORE HOAG DEPUTY COMMISSIONER