The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner, Jr. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer-Employee relationship existed between the Plaintiff and the Defendant-Employer on December 22, 1993.
3. The Defendant-Employer was self-insured with GAB Business Services, Inc. serving as the servicing agent.
4. On December 22, 1993, the Plaintiff's average weekly wage was sufficient to generate the maximum compensation rate for 1993 ($442.00).
5. The Plaintiff sustained injuries to her leg and back on December 22, 1993.
6. The disputed issue is whether the Plaintiff's injuries arose out of and in the course of her employment with the Defendant.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff had been employed at First Citizens Bank since April, 1990, as a senior business banker/senior commercial lender. She worked directly under her supervisor, Paul Ford, who directed her work, did her performance evaluations and determined her annual raises. Mr. Ford was the city executive/commercial branch administrator. Plaintiff's work was brought to her by Mr. Ford. On numerous occasions, he requested her help on projects. Plaintiff had never refused any of his requests for assistance.
2. Plaintiff was instructed by Mr. Ford to coordinate a breakfast for all but two of the departments in the main office of the downtown branch of First Citizens Bank. All the senior managers of First Citizens Bank had offices in the downtown branch. This was an annual breakfast which had taken place for at least three years prior to December, 1993. Plaintiff had been instructed to coordinate the prior Christmas breakfast also. The breakfast was scheduled to begin at 8:15 a.m. and continue until 9:00 a.m. The employees of First Citizens Bank normally arrive at 8:30 a.m. On the date of the Christmas breakfast, the employees were asked to arrive 15 minutes early so that they would have 45 minutes for the breakfast before the bank opened for customers.
3. All employees were paid for their time from 8:30 a.m. until 9:00 a.m. whether they attended the breakfast or not. Attendance was not mandatory but it was expected that everyone attend since all of senior management would be present. Those management officers in attendance at the December 22, 1993 breakfast were John Francis, the regional executive; Phil Meadows, the Greensboro executive; David Nesbit, the regional and area executive; and Paul Ford, the city executive and commercial branch administrator. In addition to senior management, all employees were invited to the breakfast. In prior years, the majority of employees had attended the breakfast and on this particular occasion, the majority of the employees were present. Plaintiff felt that she had to attend unless there was an emergency. Even Mr. Ford admitted that he would have been embarrassed had the majority of his employees not attended this breakfast, since senior management attended. There were no other bank sponsored events which senior management attended.
4. Prior to the breakfast, Plaintiff sent out two memos to management and to the employees on the bank stationary reminding them of the breakfast.
5. The purpose of the breakfast was to enhance and boost employee moral and to uplift and encourage everyone during the busy Christmas season. This was the only opportunity the bank had to bolster the employees' moral as there were no other employee events sponsored by the bank. Prior to the breakfast meeting, Mr. Ford specifically directed Plaintiff to coordinate the breakfast, and she was instructed to bring bagels for the entire group. Mr. Ford agreed that he would reimburse Plaintiff for half of the expenses she would incur for food.
6. On the morning of December 23, 1993, Plaintiff left her home and first went to the grocery store where she purchased cream cheese and butter for the bagels. She next went to the bagel store and purchased enough bagels for the entire group expected to attend the breakfast meeting. On her way out of the bagel store, Plaintiff slipped and caught herself prior to hitting the ground. This caused a strain in her low back and left sacroiliac joint for which she has sought medical treatment. As a result of this injury, Plaintiff has been unable to engage in gainful employment since February 16, 1994, and continues to be disabled from engaging in any employment.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Ordinarily, an injury suffered by an employee while going to and from work is not an injury arising out of and in the course of employment. However, there is a "special errand" exception to the "going and coming" rule. Pollock v. ReevesBrothers, Inc., 313 N.C. 287, 292, 328 S.E.2d 282, 285-86
(1985).
2. Under the "special errand" exception, employees whose work entails travel away from the employer's premises are held in the majority of jurisdiction[s] to be within the course of their employment continuously during the trip, except when a distinct [departure] on a personal errand is shown. IA, Larsons,Workers' Compensation Law, § 25.00 (1995).
3. The Court of Appeals in North Carolina has adopted Larson's exception by finding that the "special errand" rule provides that an employee is entitled to compensation under workers' compensation while performing a duty or special errand for the employer. Powers v. Ladies Funeral Home, 306 N.C. 728,295 S.E.2d 473 (1982).
4. The dual purpose rule applies in North Carolina when "concurrently with an employee's usual trip to or from work, she performs some service for her employer which would otherwise necessitate a separate trip." Massey v. Board ofEducation, 204 N.C. 193, 167 S.E. 695 (1933). InHumphrey v. Laundry, 251 N.C. 47, 51,110 S.E.2d 467, 470 (1959) the Court applied the dual purpose stating as follows:
 The test in brief is this: if the work of the employee creates the necessity for travel, such as in the course of his employment, though he is serving at the same time some purpose of his own . . . if however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel was then personal, and personal the risk.
5. Since Plaintiff was on a "special errand" for the employer and also within the "dual purpose" rule, the injury by accident arose within the course and scope of the employment and is, therefore, compensable.
6. Plaintiff is entitled to temporary total disability benefits at the compensation rate of $442.00 per week from February 16, 1994 to present and continuing until she is able to return to gainful employment. G.S. § 97-29.
7. Defendants shall pay all medical expenses incurred by Plaintiff as a result of this injury by accident.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay temporary total disability benefits at the compensation rate of $442.00 from February 16, 1994 to present and continuing until Plaintiff is able to return to gainful employment. That compensation which has accrued shall be paid in a lump sum, subject to the attorney's fees hereinafter approved.
2. Defendant shall pay all medical expenses incurred by Plaintiff as a result of this compensable injury.
3. An attorney fee in the amount of twenty-five percent (25%) of the Award is hereby approved for Plaintiff's attorney. Said amount shall be deducted from the Award which has accrued an shall be paid to Plaintiff's counsel in a lump sum. In addition, every fourth check due Plaintiff in the future is hereby approved for Plaintiff's counsel and shall be paid directly to Plaintiff's counsel.
4. Defendant shall pay the costs due the Commission.
This the _____ day of February, 1998.
 S/ _____________ GEORGE T. GLENN, II DEPUTY COMMISSIONER
CONCURRING:
S/ _____________ THOMAS J. BOLCH COMMISSIONER
S/ _____________ DIANNE C. SELLERS COMMISSIONER