Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission affirms the Order of the Deputy Commissioner.
 ***********
Based upon a review of the pleadings and documents filed herein, the Full Commission finds and concludes as follows:
1. On 29 March 1995, plaintiff was an inmate working on a road crew assigned to the Harnett County Department of Transportation. On that date, plaintiff was a passenger in a state van provided by the DOT which was involved in a motor vehicle accident in the Harnett County DOT parking lot. Plaintiff testified that he was receiving wages for this work and that his employer was the NCDOT.
2. The hearing before the Deputy Commissioner was for the sole purpose of hearing pending motions. Defendant moved for the dismissal of the claim based upon the fact that plaintiffs claim is properly a workers compensation claim, and that the proper forum for plaintiffs claim is the North Carolina Industrial Commission. In addition, plaintiffs attorney of record in this matter, Robert Buzzard of Buzzard and Carr of Lillington, NC, filed a written statement that he no longer represented plaintiff in this matter.
3. The accident complained of occurred on the premises of plaintiffs employer. Injuries which arise in automobile accidents that occur on the employers parking lot arise out of and in the course of the employment and so are compensable under the Workers Compensation Act. Harless v.Flynn, 1 N.C. App. 448, 162 S.E.2d 47 (1968). Further, as plaintiff was being transported in a van provided by the employer to attend his work, his injury is compensable as a workers compensation claim. Harris v. JackOFarrell, Inc., 31 N.C. App. 204, 229 S.E.2d 45 (1976).
4. Plaintiffs accident was one arising out of and in the course of his employment; therefore, his exclusive remedy is under the Workers Compensation Act. N.C. Gen. Stat. 97-10.1. The Act applies to prisoners, and plaintiff has up to one year after his release from prison to file a workers compensation claim. N.C. Gen. Stat. 97-13(c).
5. Based upon the lack of objection by plaintiff regarding his counsels withdrawal from representation in this matter, counsel is properly allowed to withdraw.
 ***********
IT IS THEREFORE ORDERED that
1. Plaintiffs claim under the Tort Claims Act must be and is hereby dismissed.
2. Attorney Robert Buzzard is allowed to withdraw as counsel in this matter and no longer represents plaintiff.
3. Each side shall pay its own costs.
This the day of April, 2001.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER