I must respectfully dissent from the majority opinion concluding that plaintiff sustained a compensable injury by accident arising out of and in the course and scope of employment.
The question herein is whether plaintiff was still on a special errand for his employer when the accident occurred. Plaintiff testified that he was paid extra for the time involved when he picked up the other employees to carry them to and from the job site. The time began to run from the moment he picked up the first employee to the moment he dropped off the last employee. He was not paid for the time required for him to drive from his home to pick up the first employee or for the time to drive to his home after dropping off the last employee. Even plaintiff testified that his extra employment responsibility did not begin until he picked up the first employee. Despite the majority's argument to the contrary, the first and last employee plaintiff was paid to pick up and drop off was not plaintiff himself. Prior to his accident plaintiff dropped off the last employee for whom he was responsible to transport. The accident occurred on his route home. At the time of the motor vehicle accident, plaintiff was not traveling to a destination required by defendant-employer and was not engaged in the furtherance of the employer's business. See Wright v. Wake County Public Schools,103 N.C. App. 282, 405 S.E.2d 228 (1991). A claim may be compensable pursuant to the "contractual duty" exception if a vehicle is provided as a matter of right as a result of the employment contract. Puett v. BahnsonCo., 231 N.C. 711, 58 S.E.2d 633 (1950). However, in the instant case the vehicle provided was not incident to the contract of employment. Plaintiff began providing transportation in his own vehicle initially. After a few months, defendant-employer gave plaintiff a company vehicle for this purpose. All employees, including plaintiff, paid $3.00 per day for this transportation. Where the employee pays the expenses for his own travel costs, the travel is outside the course of the claimant's employment. Harris v. Farrell, Inc., 31 N.C. App. 204, 229 S.E.2d 45
(1976). The fact that plaintiff paid a daily amount to cover his use of the vehicle is further evidence that plaintiff was not in the course of his employment.
A further stumbling block in determining this case compensable, is the fact of the presence of plaintiff's son in the vehicle at the time of the accident. Even if plaintiff was still on a special errand for the employer, did a personal deviation or errand occurred. The majority addresses the deviation issue by finding credible plaintiff's testimony that his son was dropped off at the site of the accident by plaintiff's wife after the accident had occurred. Even the deputy commissioner found that plaintiff was not credible in this statement. The majority's argument turns on the semantics of Trooper Smith's testimony regarding his question to plaintiff as to whether any one was with plaintiff. The majority is basing their finding that the child was not with plaintiff at the time of the accident merely on the fact that the trooper appears not to have asked the specific question "Was there anyone in the car with you at the time of the accident?" The majority apparently believes that plaintiff in answering that his child "was with him", referred to who was with him at the scene of the accident after its occurrence. This defies logic. The accident report requires a listing of the individuals in the vehicle at the time of an accident. Plaintiff's child is listed on the accident form. In fact, plaintiff asked Trooper Smith not to include the child on the accident report because he was aware that using the company vehicle for personal transportation was against company policy. Thus, plaintiff's case fails due to a failure of proof.
For the foregoing reasons, I would reverse the decision of the deputy commissioner.
This the 23rd day of December 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER